Dear Mr. Lacaze:
The City of Natchitoches is considering entering into a cooperative endeavor agreement with a private entity for the purpose of attracting and fostering new industry in the City. The agreement provides that the City will supply the property upon which two incubator facilities will be constructed by the private entity. The entity will further provide its services to attract new industry and in consideration, the City will transfer a portion of the land to the entity. You question if this agreement is constitutionally sound.
In short, we believe the agreement to be constitutionally sound. Article7, Section 14 of the Louisiana Constitution prohibits the donation of funds, property, or any thing of value of the state or one of its political subdivisions to or for any person or corporation. There are some exceptions to this prohibition, i.e. the use of public funds for programs for social welfare for the aid and support of the needy and contributions of public funds to pension and insurance programs for public employees. Subsection C of this Article specifically allows the state and its political subdivisions to enter into cooperative endeavor agreements with each other or with public or private associations or corporations. Subsection C is not an exception to the prohibition of donating public funds or property.[1] A constitutionally sound cooperative endeavor agreement must meet a three pronged test: first, there must be a legal obligation to expend the funds; the expenditure must be for a public purpose; and, the expenditure must create a public benefit that is proportionate to its cost. Our office has interpreted legal obligation to mean that there is some underlying authority for the expenditure.
The City is authorized to create and develop industrial park projects to promote industrial development.[2] The expenditure serves a public purpose and assuming that the public benefit received from the expenditure is proportionate to its cost, the agreement is in compliance with the constitution.
We trust that this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
[1] City of Port Allen v. Louisiana Municipal Risk Agency, 439 So.2d 399
(La. 1983).
[2] La.R.S. 38:130.52.